825 F.2d 406
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James CLEVELAND, Plaintiff-Appellant,
v.
William J. KUNKLE, Parole Chairman; Ernestine A. Williams,
Penitentiary Commitment Supervisor, Defendants-Appellees.
 No. 86-6781
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided July 28, 1987.
 
 James Cleveland, appellant pro se.
 Stephen Howard Sachs, Attorney General, Stephanie J. Lane, Office of the Attorney General, for appellees.
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Cleveland, a Maryland inmate, filed this 42 U.S.C. Sec. 1983 civil rights suit alleging that Maryland parole officials deprived him of liberty without due process by not scheduling him a parole hearing. In addition, Cleveland asserts that he has been illegally incarcerated for two years.
 
 
 2
 Cleveland was on parole from a 20-year sentence when he was arrested in 1977. He was convicted of burglary, and the remainder of his previous sentence was reinstated. In addition, he was sentenced to serve seven years for the burglary conviction, consecutive to the previous sentence.
 
 
 3
 Cleveland argues that the defendants have made errors in calculating his parole eligibility date and that the he has thereby been deprived of his liberty without due process. Assuming that Cleveland has a protected liberty interest for being considered for parole, Franklin v. Shields, 569 F.2d 784, 790 (4th Cir. 1977), cert. denied, 435 U.S. 1003 (1978), we cannot find from his allegations that this interest has been violated. The negligent acts of prison officials do not trigger the protections of the Due Process Clause. Davidson v. Cannon, ---- U.S. ----, 54 U.S.L.W. 4090 (Jan. 21, 1986); Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985). Cleveland presents no evidence that, in fact, his parole hearing was delayed. Even if he was not granted a hearing when he first became eligible, no evidence in the record supports a conclusion that such a delay resulted from anything but inadvertence. In addition, a parole hearing was scheduled for January 1986, which Cleveland refused to attend. We conclude, therefore, that the district court properly dismissed that claim.
 
 
 4
 To the extent Cleveland claims that he is being held past the expiration of his sentence, his claim is one which directly calls into question the fact or duration of his confinement. Cleveland may not pursue such a claim in federal court until he has exhausted his state remedies. See Preiser v. Rodriquez, 411 U.S. 475 (1973). After exhaustion, he may petition the federal courts for release pursuant to 28 U.S.C. Sec. 2254.
 
 
 5
 We accordingly affirm the district court's denial of relief under 42 U.S.C. Sec. 1983. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.